# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRIAN MARK BURMASTER, ) | CASE NO. 1:17 CV 2548 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ELI LILLY COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Brian Mark Burmaster filed this action under 42 U.S.C. § 1983, and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. 1964, against the Eli Lilly Company. In the Complaint (Doc. # 1), Plaintiff asserts he was found incompetent to stand trial in the United States District Courts for the District of Utah and the Eastern District of Louisiana, and was required by those Courts to take the psychiatric medications. Plaintiff did not want to take the medications and blames large pharmaceutical companies like Eli Lilly for society's tendency to solve its problems through medication. He seeks monetary damages and although no criminal charges are currently pending against him, a declaration that he is competent to stand trial.

## I. BACKGROUND

Plaintiff was indicted in the United States District Court for the District of Utah in September 2007, on charges of making threatening interstate communications. The Court

deemed him to be mentally ill and incompetent to stand trial. Plaintiff declined to take medications that could restore mental competency, specifically Zyprexa manufactured by Eli Lilly. The Court ordered additional competency testing in 2009. That testing resulted in a finding that Plaintiff was still incompetent to stand trial but did not pose a danger to himself or others. The government dismissed the charges and released him.

Plaintiff then left the United States. He was arrested in Switzerland in September 2015 and charged with making threats to two attorneys involved in litigation with British Petroleum ("BP"). That Court also found him to be incompetent to stand trial in October 2016. Another evaluation was conducted by mental health specialists at Federal Medical Center ("FMC") Butner in April 2017 indicating Plaintiff's mental condition had not improved sufficiently to permit the criminal proceedings to move forward. They also suggested Plaintiff was likely incompetent at the time he committed the offense and could not be restored, voluntarily, to competency through medications. The Court ordered another psychiatric evaluation in May 2017 to determine if Plaintiff could be released without creating a substantial risk of bodily injury to another person or property. Plaintiff's treating mental health specialist issued a report in August 2017 suggesting his release would not create such a risk. The Court dismissed the charges against him.

Plaintiff now brings this action against Eli Lilly, the manufacturer of the medication he refused in 2007. He includes only two statements pertaining to Eli Lilly. First, he states that in his two criminal cases "members of the American Psychiatric Association, using their methodology of 'chemical' problem solving as dictated by behemoth pharmaceutical firms, such

as Eli Lilly and Company intervened illegally." (Doc #1 at 1). Second, he alleges, "I was diagnosed with a 'schizoaffective disorder, bipolar type and obsessive-compulsive disorder;' an imaginary disease fabricated and 'cured' by Eli Lilly and Company." (Doc. #1 at 3). He asserts, without explanation, claims for civil rights violations under 42 U.S.C. § 1983 and violations of RICO.

## II. STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), District Courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## III. ANALYSIS

Plaintiff fails to establish this Court's subject matter jurisdiction over this case. He first indicates he is bringing claims under 42 U.S.C. § 1983. To state a viable claim under 42 U.S.C.

§ 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted under color of state law, the Defendant must be a state government entity or employee. Eli Lilly is a private corporation, not a state government agency. Furthermore, Plaintiff fails to establish any constitutional right he believes to have been violated and none is apparent on the face of the Complaint. He has not met the pleading requirements to state a claim under § 1983.

Plaintiff also attempts to assert a claim for RICO violations. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]." In turn, §1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in §1961(1). 18 U.S.C. § 1961(5). To prove a Defendant violated §1962(c), it is necessary for the Plaintiff to prove the Defendant committed two predicate offenses.

Here, Plaintiff does not allege sufficient facts to suggest Eli Lilly engaged in a pattern of racketeering activity by manufacturing medications. Furthermore, Eli Lilly is a corporation and it is the only "person" against which any allegations of RICO violation are made. It is also the

only "enterprise" identified in the alleged violation. Under 18 U.S.C. § 1962, the "person" responsible for violation of the statute must be separate from the alleged criminal enterprise itself. *Palmer v. Nationwide Mut. Ins. Co.,* 945 F.2d 1371, 1373 (6th Cir.1991); *Newmyer v. Philatelic Leasing, Ltd.,* 888 F.2d 385, 397 (6th Cir.1989). ; *Fleischhauer v. Feltner,* 879 F.2d 1290, 1297 (6th Cir.1989). A corporation may not be liable under § 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. In other words, an organization cannot join with its own members to undertake regular corporate activity and thereby become an enterprise distinct from itself. *Begala v. PNC Bank, Ohio. Nat. Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000); *see also Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 377 (6th Cir.1993). Plaintiff has not met the pleading requirements to state a claim under RICO.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

   s/*Dan Aaron Polster  March 16, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.